1  **WO**                                                                    JKM

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                      **FOR THE DISTRICT OF ARIZONA**

8

9   Pedro B. Vasquez,                    )    No. CV 07-0798-PHX-MHM (MEA)
                                         )
10              Petitioner,               )    **ORDER**
                                         )
11  vs.                                  )
                                         )
12                                       )
    Alberto R. Gonzales, et al,          )
13                                       )
                Respondents.             )
14                                       )
                                         )
    _____)
15

16          Petitioner Pedro B. Vasquez (A73-952-223) has filed a *pro se* Petition for Writ of

17  Habeas Corpus Pursuant to 28 U.S.C. § 2241.  The filing fee has been paid.  The Court will

18  require Respondents to answer the Petition.

19  **I.      Petition**

20          On March 31, 2006, an immigration judge entered an order for Petitioner's removal

21  from the United States.  On June 30, 2006, the Board of Immigration Appeals (BIA) affirmed

22  the immigration judge's decision.  Petitioner's petition for review from the decision of the

23  BIA is currently pending before the United States Court of Appeals for the Ninth Circuit.

24  See Vasquez v. Gonzales, No. 06-73524 (9th Cir. pet. for review filed Jul. 14, 2006).  In an

25  unpublished order filed on February 22, 2007,  the court of appeals granted Petitioner's

26  request for a stay of removal.  Petitioner alleges that he has been detained by the Department

27  of Homeland Security since February 13, 2006.  Petitioner argues that his lengthy detention

28  while his removal proceedings have been pending is unlawful.

TERMPSREF

1    The REAL ID Act of 2005 does not deprive the Court of jurisdiction because the Act

2    was "not intended to 'preclude habeas review over challenges to detention that are

3    independent of challenges to removal orders.'" Hernandez v. Gonzales, 424 F.3d 42, 42-43

4    (1st Cir. 2005) (quoting H.R. Cong. Rep. No. 109-72, at 2873 (2005)); See also Nadarajah

5    v. Gonzales, 443 F.3d 1069, 1075 (9th Cir. 2006) ("By its terms, the jurisdiction-stripping

6    provision [of the REAL ID Act] does not apply to federal habeas corpus petitions that do not

7    involve final orders of removal.").  An answer will therefore be required.

8    **II.**   **Warnings**

9         **A.**   **Address Changes**

10   Petitioner must file and serve a notice of a change of address in accordance with Rule

11   83.3(d) of the Local Rules of Civil Procedure.  Petitioner must not include a motion for other

12   relief with a notice of change of address.  Failure to comply may result in dismissal of this

13   action.

14        **B.**   **Copies**

15   Petitioner must serve Respondents, or counsel if an appearance has been entered, a

16   copy of every document that he files.  FED. R. CIV. P. 5(a).  Each filing must include a

17   certificate stating that a copy of the filing was served.  FED. R. CIV. P. 5(d).  Petitioner also

18   must submit an additional copy of every filing for use by the Court.  LRCIV 5.4.  Failure to

19   comply may result in the filing being stricken without further notice to Petitioner.

20        **C.**   **Possible dismissal**

21   If Petitioner fails to timely comply with every provision of this Order, including these

22   warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,

23   963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action for failure to

24   comply with any order of the Court).

25   **IT IS ORDERED:**

26   (1)  The Clerk of Court must serve a copy of the Summons, Petition and this Order

27   upon the United States Attorney for the District of Arizona by certified mail addressed to the

28   civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of

the Federal Rules of Civil Procedure.  The Clerk of Court also must send by certified mail a copy of the Summons, Petition and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents pursuant to Rule 4(i)(2)(A).

(2)  Respondents must answer the Petition within 20 days of the date of service. Respondents must not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

(3)  Petitioner may file a reply within 20 days from the date of service of the answer.

(4)  The matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 22nd day of May, 2007.

Mary H. Murguia
United States District Judge